## Norwitch v. Minerva Holding Company et al.

*R. H. Markowitz*, for plaintiff.

*H. R. Detweiler*, for defendants.

SMITH, P. J., May 10, 1954.—In this case original defendant asks for discovery under Pennsylvania Rule of Civil Procedure 4007(*b*), which reads as follows:

"Subject to the limitations provided by Rule 4011, the court on petition of any party may allow the taking

of depositions orally or by written interrogatories approved by the court of any party or person to discover facts, including the existence and location of tangible things."

The injuries of which plaintiff here complains were allegedly incurred when plaintiff caught his hand in the sliding door of a self-operating elevator maintained by defendant.

Defendant contends that since the mechanism here complained of is of the self-operating type and requires no attendant; and since no employe of defendant was present at the time of the injuries complained of he is entitled to discovery to learn from plaintiff just how plaintiff maneuvered the door at the time of the accident.

Since defendant and/or its employes were not present at the time of the injuries to plaintiff, defendant is here entitled to learn from plaintiff just how the accident occurred.

In the recent case of Barlow v. Waples et al., 82 D. & C. 1, Judge Flood denied a plaintiff's petition for discovery on the ground that plaintiff was actually seeking an advance statement of defendant's version of the occurrence. But there it was stressed that *all the parties were present*. Therefore both sides of the controversy were in a position to describe the happening of the accident. Such is not the situation in the instant case, since none of defendant's employes were present, for the obvious reason that the offending mechanism was self-operating.

For the reason hereinabove discussed, we enter the following

*Order*

And now, to wit, May 10, 1954, the petition of defendant for the discovery sought is hereby allowed.